## INHABITANTS OF WESTPORT *vs.* COUNTY COMMISSIONERS OF BRISTOL.

If a petition by a town for a jury to revise the judgment of county commissioners in laying out a highway asks for various specific alterations in the highway as ordered by them, some of which a jury have power to make and others not, a warrant for a jury should issue, and upon the trial the presiding officer should decide, upon the facts as they then appear, whether any specific alteration which is asked for is within their power.

PETITION for a writ of *mandamus*, to order the county commissioners of Bristol to issue their warrant for a jury, in accordance with a prayer of the petitioners, to revise the judgment of

the respondents in laying out the highway referred to in the preceding case.

The petition to the county commissioners, after reciting their doings in the premises, prayed that a jury might be summoned to change certain grades of the highway, as ordered by the commissioners, and also to make various other specific alterations, the general character of which is sufficiently shown in the opinion.

The case was reserved by *Chapman,* J. for the determination of the whole court.

*T. M. Stetson,* for the petitioners.

*C. I. Reed,* for the respondents.

HOAR, J. This case presents the question, so full of practical difficulties, What are the rights of a town, in which a highway has been laid out by the county commissioners, when it applies for a jury to make alterations in the way as laid out, and ordered to be constructed? That the town is a party, entitled to petition for a jury, is distinctly recognized by statute; and has been settled by express judicial decisions. Gen. Sts. c. 43, § 11. *Lanesborough* v. *County Commissioners,* 22 Pick. 278. *Gloucester* v. *County Commissioners,* 3 Met. 375.

In the latter case, the county commissioners refused to issue a warrant for a jury, and the town of Gloucester petitioned this court for a writ of *mandamus,* which was also refused; but it was on the ground that the original petition to the commissioners asked for a jury to make alterations in the way by laying out an entirely new line of road. But on examining the petition in the case before us, it does not appear that all which the petitioners ask should be done by the jury is beyond their power, or unlawful. There are various specific alterations prayed for, some of them as alternatives to others; and the petition does not show that some of them might not be made by a jury, without interfering with the rights of persons not parties to the petition.

In such a case, we do not think the petition is vitiated by including in it a prayer for alterations which it would not be in the power of the jury to grant. The proper course is for the

commissioners to issue the warrant for a jury in the general form, to determine the matter of the petitioners' complaint, and to make such of the alterations prayed for therein as may be lawful and meet. When the jury is empanelled, it then becomes the duty of the presiding officer to decide, upon the facts as they are made to appear, whether any specific alteration asked is within their power. As the commissioners wholly refused the prayer of the petition, and ordered that it should be dismissed, a writ of *mandamus* must issue.

We do not think it expedient, at this stage of the case, to attempt to define the precise limits within which the jury must be confined upon the hearing. Some of these are indicated in the case of *Gloucester* v. *County Commissioners*, before cited. In *Boston and Maine Railroad* v. *County of Middlesex*, 1 Allen, 329, it was said that " the phrase ' alterations between the *termini*,' in the meaning of the words in their ordinary use, distinctly imports a change in the course or direction of the road, and not in the mode of its construction, or in the place and manner in which it is to be built and finished ; " and that in respect to this latter the jury had no duty to perform. This would seem to be decisive upon the question whether a jury would have power to alter the grades of a road from those which the county commissioners had ordered, except so far as a change of grade might be incidental to other alterations. But the nature of the subject is such, that it is hardly possible to give any rule to be applied to the general statements of a petition, until all the facts are ascertained, and their bearing upon the rights of different parties in interest fully considered.

*Writ of mandamus granted.*